JOURNAL ENTRY AND OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Local Rule 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. Russell Haberly died while a passenger in a vehicle driven by Lena Beck. Beck was at fault, but was uninsured. Plaintiffs Jane and Donald Haberly, decedent's parents, received the limits of their uninsured motorist policy. They then sought coverage under their homeowner's policy issued by defendant Nationwide Mutual Fire Insurance Co., claiming that it covered motor vehicles driven by a residence employee arising out of and in the course of the residence employee's employment by an insured. They maintain that this exclusion in effect transformed the homeowner's policy into an uninsured motorist policy. The court granted summary judgment to Nationwide Mutual and this appeal followed.
We summarily overrule the assigned error. This court has consistently held that identical policy language contained in other insurance policies does not convert a homeowner's policy into an uninsured motorist policy unless it can be shown that decedent was an employee of the residence. See Davis v. Shelby Ins. Co. (June 14, 2001), Cuyahoga App. No. 78610, unreported; Hillyer v. State Farm Fire Casualty Co. (Aug. 21, 2001), Cuyahoga App. No. 79176, unreported; Brozovic v. State Farm Fire 
Casualty Co. (Sept. 13, 2001), Cuyahoga App. No. 79084, unreported. Because plaintiffs could not show that decedent was a residence employee, the court did not err by granting summary judgment.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and JAMES J. SWEENEY, J., CONCUR.